IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 17-00004-003 |
| Plaintiff, | |
| vs. | **REPORT & RECOMMENDATION CONCERNING VIOLATIONS OF SUPERVISED RELEASE CONDITIONS IN A FELONY CASE** |
| TIMOTHY JAMES M. DUENAS, | |
| Defendant. | |

Pending before the court is a Petition for Offender Under Supervision and supporting declaration (collectively, the "Violation Petition"), filed on October 12, 2022, *see* ECF No. 306, alleging that the Defendant violated his conditions of supervised release by admitting to the use of "meth" on three occasions (September 4 and 30, 2022, and October 1, 2022).

On October 25, 2022, the Defendant entered admissions to the violations, *see* Minutes, ECF No. 310, and on January 31, 2023, the parties presented a joint recommendation on an appropriate sanction for the violations. Minutes, ECF No. 319. Having heard from the parties, the court now issues this Report and Recommendation.

## BACKGROUND

On March 9, 2018, the Defendant was sentenced to 63 months of imprisonment, followed by five years of supervised release, for the offense of Conspiracy to Distribute Methamphetamine Hydrochloride. *See* J., ECF No. 239. Among various supervised release conditions imposed, he was ordered to refrain from the unlawful use of a controlled substance and to submit to drug testing. *Id.* at 3 and 5.

The Defendant commenced his supervised release term on January 7, 2021. *See* Violation Petition at 1, ECF No. 306.

# CURRENT VIOLATIONS

## A.     Filing of Violation Petition

On October 12, 2022, the probation officer filed the instant Violation Petition, along with a supporting declaration and a violation worksheet, *see* ECF No. 306, alleging the Defendant violated his supervised release conditions as follows:

| DATE | ACTION |
|------|--------|
| September 7, 2022 | Defendant submitted to a quarterly drug test at the Lighthouse Recovery Center ("LRC") and tested presumptive positive for the use of methamphetamine. He signed a form admitting that he used "meth" three days prior. |
| | The Defendant claimed personal stressors for his drug use. Because of the presumptive positive test and admission, the Defendant was regressed in the drug testing and referred for drug treatment. |
| September 30, 2022 | Defendant again tested presumptive positive on a drug test administered at LRC. He signed a form admitting that he used "meth" that same date. |
| October 3, 2022 | Defendant reported to the U.S. Probation Office for a noncompliance meeting. He signed another form admitting that he used "meth" on October 1, 2022. |

At the request of the Probation Officer, the court ordered that a summons issue for the Defendant to appear on October 25, 2022, and answer to the allegations. *See* Order, ECF No. 308.

## B.     Initial Appearance and Admission

On October 25, 2022, the Defendant appeared before the court, and Joaquin C. Arriola, Jr. was appointed to represent the Defendant. *See* Minutes, ECF No. 310, and Appointment Order, ECF No. 311. The Defendant entered an admission to the allegations in the Violation Petition. The probation officer reported that the Defendant was in treatment once again[1] and had been testing negative subsequent to the filing of the Violation Petition. The court then set the matter for a status hearing on November 29, 2022,[2] to see whether the Defendant could remain compliant, and the Defendant was allowed to remain on release.

---

[1] According to the Violation Petition, the Defendant previously completed his drug treatment with WestCare Pacific Islands ("WestCare").

[2] The status hearing was later moved to December 13, 2022, because of Mr. Arriola's unavailability. *See* ECF Nos. 312-13.

### 3. Subsequent Court Proceedings

On December 13, 2022, the Defendant appeared before the court, and the probation officer reported that the Defendant was doing really well since the last hearing. Without objection, the court continued the matter to January 10, 2023,[3] so the Defendant could further show that he could remain compliant.

On January 31, 2023, the parties appeared before the court and presented a joint recommended sanction that addressed the violations. Having reviewed the record herein and considered the parties' joint recommendation, the court now issues this Report and Recommendation.

### LEGAL STANDARD

The standard of proof for revocation of supervised release is governed by statute. A district court may revoke a term of supervised release only if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). *See also United States v. Lomayaoma*, 86 F.3d 142, 147 (9th Cir. 1996) ("for purposes of a supervised release revocation hearing, the district court need only conclude that a preponderance of the evidence supports" revocation).

### PARTIES' RESPECTIVE POSITIONS AND FACTORS CONSIDERED

The Violation Worksheet notes that the allegations are Grade C violations, with a guidelines range of 3-9 months of imprisonment, based on the Defendant's criminal history category of I, followed by 51-57 months of supervised release. *See* Violation Worksheet at ¶¶7-10 and 13, ECF No. 306-2. This is the Defendant's first revocation proceeding. His underlying conviction is a Class A felony, so the Defendant faces a maximum revocation sentence of five years pursuant to Section 3583(e)(3).

The parties have agreed that an appropriate sanction for the violation is a modification of his supervised release conditions to require that the Defendant write a two-page paper discussing the

---

[3] The hearing was later to January 31, 2023, to accommodate defense counsel's schedule. *See* ECF Nos. 315-318.

effects methamphetamine has had on his life and his family. The probation officer reported that the Defendant tested negative on all drug tests administered since the filing of the Violation Petition and attended all treatment sessions. Mr. Arriola stated that the Defendant is employed full-time at IDI International Distributors, which motivates him to stay sober. Defense counsel stated that the Defendant is interested in joining the DORE program and hopes to be a "success story." The government agreed that this was a reasonable sanction.

After considering the relevant factors, the court concurs that the recommended sanction is reasonable and achieves the goals of punishment and deterrence. This is the Defendant's first post-conviction proceeding, which merits leniency from the court. The Defendant has not committed any other violation since the filing of the Violation Petition. He continues to participate in substance abuse treatment, maintains gainful employment, and has tested negative on all drug tests administered since October 2022. Having heard the parties' joint recommendation and based on the record and circumstances herein, the court finds that the modification of supervised release to require the Defendant to write a two-page paper that discusses the effects methamphetamine has had on his life and his family is sufficient but not greater than necessary to punish the violations, protect the community and deter future violations.

## RECOMMENDATION BY MAGISTRATE JUDGE

Having considered the above factors, the undersigned recommends the District Judge accept the Defendant's admissions and modify the Defendant's supervised release conditions to require that he write a two-page paper discussing the effects methamphetamine has had on his life and on his family.

A disposition hearing shall be held on February 16, 2023, at 1:30 p.m., unless otherwise rescheduled by the Chief Judge.

IT IS SO RECOMMENDED.



**/s/ Michael J. Bordallo**
**U.S. Magistrate Judge**
**Dated: Jan 31, 2023**

**NOTICE**

**Failure to file written objections to this Report and Recommendation within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking such Report and Recommendation before the assigned United States District Judge. 28 U.S.C. § 636(b)(1)(B).**