THE DISTRICT COURT OF GUAM

UNITED STATES OF AMERICA,

Plaintiff,

vs.

TIMOTHY JAMES M. DUENAS,

Defendant.

CRIMINAL CASE NO. 17-00004-003

**REPORT & RECOMMENDATION CONCERNING VIOLATIONS OF SUPERVISED RELEASE CONDITIONS IN A FELONY CASE**

Pending before the court are a Petition for Offender Under Supervision and supporting declaration (collectively, the "Violation Petition"), filed on August 28, 2025, a Supplemental Declaration filed on September 3, 2025, a Second Supplemental Declaration filed on September 24, 2025, and a Third Supplemental Declaration filed on October 15, 2025. *See* ECF Nos. 404, 407, 413 and 415. Combined, these filings assert the Defendant violated his supervised release conditions as follows:

- admitted to the use of "meth" on July 31, 2025, August 6, 12, 28 and 31, 2025, September 5 and 23, 2025, and October 7, 2025; and
- failed to report for drug testing on August 13, 2025.

On September 4 and 30, 2025, the Defendant entered admissions to the allegations in the Violation Petition, the Supplemental Declaration and the Second Supplemental Declaration. *See* Mins, ECF Nos. 410 and 414. On October 28, 2025, the Defendant admitted to the allegation in the Third Supplemental Declaration. *See* Mins., ECF No. 417.

Having heard argument from the parties, the court now issues this Report and Recommendation for the Chief Judge's consideration.

///

# BACKGROUND

## A. Conviction and Sentence

On March 9, 2018, the Defendant was sentenced to 63 months of imprisonment, followed by five years of supervised release, for the offense of Conspiracy to Distribute Methamphetamine Hydrochloride. *See* J., ECF No. 239. Among various supervised release conditions imposed, he was ordered to refrain from the unlawful use of a controlled substance and to submit to drug testing. *Id.* at 3 and 5.

The Defendant commenced his original supervised release term on January 7, 2021.

## B. Post-Conviction Conduct

On March 23, 2023, the court modified the Defendant's supervised release conditions to include a requirement that he write a two-page paper discussing the effects methamphetamine has had on his life and on his family. *See* Am. J., ECF No. 324. The modification resulted from the Defendant's admission to drug use on three occasions and the parties' joint recommendation for a lenient sanction since he had tested negative on all drug tests administered since the filing of the first violation petition and attended all treatment sessions.

On December 19, 2024, the court revoked the Defendant's supervised release term and sentenced him to a split sentence of time served (approximately 32 days) and 58 months of supervised release, with a condition that he serve 46 days of home detention with location monitoring. *See* Revocation J. at 2-3 and 5, ECF No. 368. The revocation was based on numerous violations, including admissions to drug use, positive drug tests, a failure to provide a valid urine sample for testing, and a failure to report for drug testing. *Id.* at 1. Additionally, the Defendant was required to complete the 14-day detox program at the Lighthouse Recovery Center ("LRC"). *Id.* at 5.

On June 26, 2025, the Defendant's supervised release term was revoked for a second time based on his admission to the use of "meth" on eight occasions, and he was sentenced to four months' imprisonment, with credit for time served, and 53 months of supervised release. *See* Second Revocation J. at 1-3, ECF No. 401.

The Defendant's current term of supervision commenced on July 30, 2025.

///

**CURRENT VIOLATIONS**

A. **Filing of Violation Petition**

On August 28, 2025, the probation officer filed the instant Violation Petition, along with a violation worksheet, see ECF No. 404, alleging the Defendant violated his supervised release conditions as follows:

| DATE | ALLEGATION |
|---|---|
| July 31, 2025 | Defendant tested presumptive positive for methamphetamine and signed an admission form that he used "meth" that same day. |
| August 6, 2025 | Defendant submitted to a drug test at LRC which was presumptive positive for methamphetamine use. He signed an admission form that he used "meth" that same day. |
| August 13, 2025 | Defendant failed to appear for a scheduled drug test. |
| August 14, 2025 | Defendant submitted to a drug test at the probation office and tested presumptive positive for methamphetamine use. He signed an admission form that he used "meth" on August 12, 2025, because of personal stressors. |

At the probation officer's request, the court ordered that a summons issue to address the allegations at a hearing. See Order, ECF No. 406.

B. **Filing of Supplemental Declaration**

On September 3, 2025, the probation officer filed a Supplemental Declaration, see ECF No. 407, alleging further violations. The probation officer asserted that the Defendant tested presumptive positive for methamphetamine on August 28 and 31, 2025, and subsequently signed admissions that he used "meth" on said days.

C. **Initial Appearance and Admissions**

On September 4, 2025, the Defendant appeared in court as summoned, and the court appointed the Federal Public Defender to represent him. See Mins., ECF No. 410. The Defendant entered admissions to the allegations in the Violation Petition and Supplemental Declaration. The probation officer stated that the Defendant had a referral to enter the LRC detox program, and defense counsel noted that the Defendant was diagnosed with major depressive disorder and PTSD. The court scheduled arguments on disposition for November 6, 2025, with a hearing set for September 30, 2025, to discuss the status of his treatment. The court also ordered the Defendant to

complete all 14 days of the detox program.

**D.    Filing of Second Supplemental Declaration**

On September 24, 2025, the probation officer filed a Second Supplemental Declaration, *see* ECF No. 413, alleging that the Defendant submitted to urinalysis testing on September 7 and 23, 2025, with both tests resulting in presumptive positives for methamphetamine use. The Defendant signed admissions forms that he used "meth" on September 5 and 23, 2025.

**E.    Further Admissions**

On September 30, 2025, the Defendant returned to court and entered admissions to the allegations in the Second Supplemental Declaration. *See* Mins., ECF No. 414. The probation officer reported that the Defendant had appointments scheduled with LRC and Todu Guam. Defense counsel stated that the Defendant has been on his new medication for about four weeks and has been attending all his counseling sessions, including couples counseling. The court agreed to give the Defendant additional time for the new medication to take effect, but ordered that he be tested weekly. Without objection, the court set a status hearing for October 16, 2025, and advanced arguments on disposition to October 28, 2025.

**F.    Filing of Third Supplemental Declaration**

On October 15, 2025, the probation officer filed a Third Supplemental Declaration, *see* ECF No. 415, alleging that the Defendant submitted to a urinalysis drug test on October 8, 2025, and was presumptive positive for methamphetamine. He signed an admission form that he used "meth" on October 7, 2025.

**G.    Detention and Further Admission**

On October 15, 2025, the Defendant did not appear at the court hearing, and the probation officer reported that the Defendant was admitted to the Guam Memorial Hospital ("GMH") the day prior to the hearing. Given the recent alleged violation, the court ordered that once the Defendant is released from GMH, he must self-surrender to the marshals and be detained pending the next hearing set for October 28, 2025.[1]

---

[1] The probation officer later informed the court that the Defendant self-surrendered to the U.S. Marshals on October 20, 2025, following his release from GMH.

On October 28, 2025, the parties returned to court, and the Defendant admitted to the lone alleged violation in the Third Supplemental Declaration. *See* Mins., ECF No. 417. The parties and the probation officer then presented their respective arguments on an appropriate sanction, and the court took the matter under advisement. The court ordered the Defendant to remain detained pending his final disposition hearing.

Having reviewed the record herein and considered the parties' positions, the court now issues this Report and Recommendation.

## LEGAL STANDARD

The standard of proof for revocation of supervised release is governed by statute. A district court may revoke a term of supervised release only if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). *See also United States v. Lomayaoma*, 86 F.3d 142, 147 (9th Cir. 1996) ("for purposes of a supervised release revocation hearing, the district court need only conclude that a preponderance of the evidence supports" revocation). Revocation is mandatory if a defendant tests positive for controlled substances more than three times over the course of one year. *See* 18 U.S.C. § 3583(g)(4).

## PARTIES' RESPECTIVE POSITIONS AND FACTORS CONSIDERED

The Third Amended Violation Worksheet indicates that the allegations are Grade C violations, with a guidelines range of 3-9 months of imprisonment, based on his CHC of I, followed by 44-50 months of supervised release. *See* Third Am. Violation Worksheet, at ¶¶ 7-10 and 13, ECF No. 415-1.

This is the Defendant's third revocation proceeding. His underlying offense of conviction is a Class A felony, so the maximum sentence the Defendant can serve for a revocation is not more than five years pursuant to 18 U.S.C. § 3583(e)(3). The first proceeding resulted in sentence of time served (approximately 32 days) and the second revocation sentence was for four months' imprisonment. The Defendant faces mandatory revocation because he has more than three positive drug tests over the course of one year.

The probation officer recommended a sentence of nine months' imprisonment, with credit for time served, followed by 44 months of supervised release. The probation officer stated that a

sentence at the high end of the guidelines was warranted because this was the Defendant's third revocation proceeding.

Counsel for the government concurred in the probation officer's recommendation. Ms. San Nicolas noted that the Defendant has been given numerous opportunities to address his drug addiction, including participation in the DORE program, yet he continues to breach the court's trust.

Defense counsel urged the court to impose a mid-range guidelines sentence of five months' imprisonment and 48 months of supervised release. Ms. Kottke acknowledged that the Defendant has been struggling with his drug problem and that there was no cure for his methamphetamine addiction, only continued treatment. She argued that the Defendant was still willing to give treatment a try because he finally feels like he's on the right round of medication to address his co-occurring mental health disorders. She argued that the recommended five-month sentence is a graduated sanction and reasonable here since all of the Defendant's violations are all related to his addiction and do not involve the commission of new criminal offenses.

The Defendant has been before this court numerous times. He has a serious drug addiction, and he always appears sincere and apologetic when he faces revocation of his supervised release term. Unfortunately, the Defendant continues to struggle with his methamphetamine addiction and also with his mental health issues. Until those are addressed, it is difficult to effectively treat his drug problem. The Defendant is currently on a new round of prescribed medication to address his PTSD and depression, and hopefully said medication will help him think clearer so that he can make the right daily decisions to help him stay sober. The court agrees that a mid-range sentence is appropriate since all the violations are related to his drug addiction, and the Defendant readily admits to his drug use and to the probation officer, without the need for the court to issue arrest warrants to bring him before the court to address the violations. What the Defendant needs is more treatment, not less, and a mid-range sentence will allow him to get back into treatment to address not only his drug addiction but his co-occurring disorders as well. After considering the relevant factors and having heard the parties' positions, the court recommends that the Defendant serve a five-month sentence, with credit for time served. The court finds that the recommended sentence is reasonable and not greater than necessary to punish the Defendant's breach of trust and will allow him to

continue with treatment within a reasonable period.

**RECOMMENDATION BY MAGISTRATE JUDGE**

Having considered the above factors, the undersigned recommends the District Judge (1) accept the Defendant's admissions to all pending allegations, (2) revoke the Defendant's supervised release term, and (3) sentence the Defendant to five months' imprisonment, with credit for time served,[2] followed by 48 months of supervised release.

A disposition hearing shall be held on December 18, 2025, at 1:30 p.m., unless otherwise rescheduled by the Chief Judge.

IT IS SO RECOMMENDED.



/s/ Michael J. Bordallo
U.S. Magistrate Judge
Dated: Nov 17, 2025

**NOTICE**

**Failure to file written objections to this Report and Recommendation within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking such Report and Recommendation before the assigned United States District Judge. 28 U.S.C. § 636(b)(1)(B).**

---

[2] The Defendant has been detained since October 20, 2025, giving him approximately 60 days of confinement credit as of the proposed disposition date of December 18, 2025.